**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5223**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MARCUS ROBINSON,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:09-cr-01337-HFF-1)

_____

Submitted:  September 13, 2011      Decided:  September 29, 2011

_____

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

A. Peter Shahid, Jr., SHAHID LAW OFFICE, LLC, Charleston, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, Andrew B. Moorman, Sr., Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Robinson appeals the district court's judgment imposing a 180 month sentence on him pursuant to his plea of guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Because we conclude that the district court committed neither procedural nor substantive plain error, we affirm.

The presentence report (the "PSR") prepared in his case concluded that Robinson qualified as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(c). The PSR identified Robinson's March 2004 second-degree lynching conviction and his April 2006 conviction for discharging a firearm into a dwelling as predicate offenses for his career offender designation. Pursuant to USSG §§ 2K2.4(c) and 4B1.1(c)(3), the PSR concluded that, after applying a 3-point adjustment to Robinson's total offense level for acceptance of responsibility, the Guidelines advised the court to impose between 262 and 327 months' incarceration.

At sentencing, neither party raised any objections to the PSR or its calculations, but Robinson's counsel argued that both the March 2004 lynching conviction and the April 2006 firearm conviction overstated Robinson's criminal history. When pressed by the court, counsel reiterated that Robinson was not

2

taking issue with the PSR's conclusion that both offenses were predicate offenses for purposes of the career offender Guidelines. With respect to the lynching offense, the court agreed with counsel: "I do believe that lynching is one of those catch-alls that let the prosecution off the hook sometimes, so I would find that the guidelines are overstated for purposes of sentencing . . . but I still believe a substantial sentence needs to be imposed." After the court imposed a sentence of 180 months rather than the 262 to 327 months suggested by the Guidelines, Robinson timely appealed.

Robinson contends on appeal that his sentence is unreasonable for three reasons: (1) he was improperly designated a career offender under USSG § 4B1.1(a); (2) his indictment was defective in failing to recite each element of his offense; and (3) he received a sentence greater than the applicable statutory maximum.[1]

This court reviews a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A

---

[1] Judging from the contours of the claims he presents here, it appears that Robinson is challenging the procedural reasonableness of his sentence, notwithstanding his claim to be mounting an attack on its "substantive" reasonableness.

3

sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. While a sentence may be substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless of 'the individual case,' the 'deferential abuse-of-discretion standard of review . . . applies to all sentencing decisions.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (citing Gall, 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Because Robinson preserved none of his present claims for appeal, this court reviews them for plain error. United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010). On plain error review, the court must determine "(1) whether there was error; (2) whether it was plain; (3) whether it affected [the appellant's] substantial rights; and (4) whether, if the first

4

three criteria are met, we should exercise our discretion to notice the error." United States v. Martinez, 277 F.3d 517, 529 (4th Cir. 2002).

Robinson first contends that the PSR improperly classified him as a career offender under USSG § 4B1.1(a). Inasmuch as Robinson claims that his § 924(c)(1)(A) conviction is not a crime of violence for purposes of USSG § 4B1.1(a)(2), his argument is beside the point. USSG § 4B1.1(a)(2) provides that the instant offense of conviction must be "either a crime of violence or a controlled substance offense" for the career offender provisions to apply. USSG § 4B1.1(a)(2). As explained in the commentary to USSG § 4B1.2, a violation of 18 U.S.C. § 924(c) is a controlled substance offense so long as the "offense of conviction established that the underlying offense was a . . . 'controlled substance offense.'" USSG § 4B1.2, cmt. n.1. It is undisputed that the offense underlying Robinson's § 924(c)(1)(A) conviction is a controlled substance offense within the meaning of USSG § 4B1.2(b); namely, possession with the intent to distribute 5.72 grams of crack cocaine. Thus, Robinson's § 924(c)(1)(A) conviction qualifies as a "controlled substance offense" for purposes of USSG § 4B1.1(a)(2), rendering moot his argument that it is not a "crime of violence" for purposes of that provision.

Inasmuch as Robinson maintains that his second degree lynching conviction does not constitute a "crime of violence" for purposes of USSG § 4B1.1(a)(3) such that it cannot serve as a predicate offense to support his designation as a career offender, he is incorrect. At the time of Robinson's offense in 2004, second degree lynching was defined in South Carolina as "any act of violence inflicted by a mob upon the body of another person and from which death does not result." State v. Smith, 352 S.C. 133, 137, 572 S.E.2d 473, 475 (S.C. Ct. App. 2002). We conclude that Robinson's conviction for second degree lynching was a crime of violence for purposes of USSG § 4B1.1(a)(3). United States v. Clay, 627 F.3d 959, 966 (4th Cir. 2010).[2] Accordingly, we are persuaded that Robinson was properly designated a career offender under USSG § 4B1.1(a).

Robinson next urges that Count Three of his indictment was defective because it failed to recite a violation of 18 U.S.C. § 924(e) and failed to put Robinson on notice that he was subject to an increased sentencing range as a career offender. We note, however, that "a guilty plea constitutes a waiver of all nonjurisdictional defects." United States v. Willis, 992

---

[2] To the extent that Robinson claims that the district court ruled that the lynching conviction did not constitute a predicate offense, our review of the record convinces us otherwise.

F.2d 489, 490 (4th Cir. 1993).  Defects in the indictment are not jurisdictional.  United States v. Cotton, 535 U.S. 625, 631 (2002).  Robinson's counseled guilty plea therefore forfeited appellate review of his claim.

In his last assignment of error, Robinson asserts that the district court should have imposed only a sixty-month sentence upon him because the "maximum possible penalty for a violation of [§] 924(c)(1)([A]) is five years."  (Appellant's Br. at 15).  Unfortunately for Robinson, this court has previously observed that, because § 924(c)(1)(A) does not specify otherwise, its maximum penalty is life.  United States v. Cristobal, 293 F.3d 134, 147 (4th Cir. 2002).  See also United States v. O'Brien, 130 S. Ct. 2169, 2178 (2010) (noting that the current version of § 924(c) provides for mandatory minimums rather than mandatory sentences).

Because the 180-month sentence imposed on Robinson was the product of neither procedural nor substantive error, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED